ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD B. BOWDEN AND <br> SUSAN BOWDEN, <br>     PLAINTIFFS <br><br> v. <br><br> KATHRYN WILEMON, <br> ETTA HULME, AND <br> CITY OF ARLINGTON, <br>     DEFENDANTS | § § § § § § § § § § § | Civil Action 4:11-cv-00711-A |

**PLAINTIFFS' RESPONSE TO DEFENDANT ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

James D. Runzheimer
State Bar No. 17398200
2405 Garden Park Court, Suite A
Arlington, Texas 76013
Telephone (817) 795-2020
Facsimile (817) 795-2063
E-mail: runz-law@swbell.net

ATTORNEY FOR PLAINTIFFS
RICHARD B. BOWDEN AND
SUSAN BOWDEN

# **TABLE OF CONTENTS**

Table of Authorities .................................................................. ii

I.   Summary ..................................................................... 1

II.  Facts ........................................................................ 2

III. Standard of Review ........................................................... 3

IV.  Plaintiffs' Causes of Action and Arguments ..................................... 5

     A. Plaintiffs Have Provided Defendant Hulme With Fair Notice of Their Claims... 5

     B. Statue of Limitations Do Not Bar Plaintiffs' Claims Against Hulme ........... 5

     C. Hulme Not Entitled To Protection Of *Noerr - Pennington* Immunity Doctrine ... 7

     D. Plaintiffs Adequately State Cause of Action Against Hulme Under 42 U.S. C.
        §§ 1983 and 1985 ....................................................... 9

V.   Conclusion ................................................................. 13

## **TABLE OF AUTHORITIES**

Cases

*Allied Tube & Conduit Corp. v. Indian Head, Inc.*,
 486 U.S. 492, 500, n. 4, 108 S.Ct. 1931, 1937, n. 4 (1988) .................... 7

*Affiliated Capital Corporation v. City of Houston*, ................................ 8
 755 F.2d 1555, 1567 (5th Cir., 1984)

*Ashcroft v. Iqbal*,
 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) .................. 4, 5

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). ................... 4

*Brooks v. Ross*, 578 F. 3d 574, 581-82 (7th Cir. 2009). .............................. 5, 6

*Bryan v. City of Madison, Mississippi*, 213 F. 3d 267 (5th Cir. (Miss.) 2000) ............. 11

*Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984). ........... 4

*California Motor Transport Co. v. Trucking Unlimited*, ............................ 7
 404 U.S. 508, 510, 92 S. Ct. 609, 612 (1972)

*City of Cleburne v. Cleburne Living Center, Inc.*,
 473 U.S. at 432, 446-47, 105 S.Ct at 3249, 3257-58 (1985) .................... 10

*City of Columbia v. Omni Outdoor Advertising, Inc.*,
 499, U.S. 365, 380, 111 S.Ct. 1344, 1354 (1991) ............................ 7, 9

*Clark v. Amoco Prod Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ........................ 3

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957) .......................... 4

*Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183 (1980). ............................ 10, 11, 12

*Eastern Railroad President's Conference v. Noerr Motor Freight, Inc.*,
 365 U.S. 127, 81 S.Ct. 523 (1961) ....................................... 7

*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) .................... 5

*Esmail v. Macrane*, 53 F. 3d 176 (7th Cir. (Ill.) 1995). ............................ 9, 10, 11

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)                 *Page ii*

*Jones v. Louisiana State Bar Association*, 738 F. Supp. 2d 74, 80 (D.D.C. 2010)......... 8

*Keko v. Hingle*, 318 F.3d 639, 642 (5th Cir.(La.) 2003)............................. 12

*Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*,
   507 U.S. 163, 164, 113 S.Ct. 1160 ................................. 4

*Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988) .................. 3

*Messer v. Meno*, 130 F.3d 130, 134, 135 (5th Cir. (Tex.) 1997)..................... 6

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974)................... 3

*Smithfield Foods, Inc. v. United Food and Commercial Workers Int'l Union*, 593 F.Supp.
   2d 840, 844 (E.D. Va. 2008)................................... 8

*Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).. ........................... 3

*Thomas v. Smith*, 897 F.2d 154, 156 (5th Cir. 1989) ............................ 4

*Thomas v. City of West Haven*, 249 Conn. 385, 734 A.2d 535, 544, 545 (Conn., 1999)...... 10, 13

*Toranto v. Wall*, 891 S.W. 2d 3, 6 (Tex. App-Texarkana 1994) .................... 7

*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)................ 4

*United States v. Uvalde Consol. Indep. Sch. Dist.*, 625 F.2d 547 (5th Cir. 1980).......... 4

*United States v. Wagner*, 940 F. Suppl. 972, 981 (N.D. Tex. 1996)................... 9

*Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073 (2000)................ 10

*We, Inc. v. City of Philadelphia*, 174 F.3d 322, 327, 328 (3rd Cir. (Pa.) 1999)............ 9

*Whelan v. Abel*, 48 F.3d 1247, 1253, 1254 (C.A.D.C., 1995)....................... 8

*Williams v. Kaufman County*, 352 F.3d 994 (5th Cir. (Tex.) 2003).................... 10

*Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 827 (1992)............................ 10, 12, 13

Statutes

42 U.S.C. §1983 .................................................... 6, 9, 10,11, 12

42 U.S.C. §1985. ........................................................ .10

V.T.C.A., Civil Practice & Remedies Code §16.003 ................................ 10

Other
Article XVI of the Construction Chapter of the City of Arlington Municipal Code ......... 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD B. BOWDEN AND<br>SUSAN BOWDEN,<br>　　PLAINTIFFS<br><br>v.<br><br>KATHRYN WILEMON,<br>ETTA HULME, AND<br>CITY OF ARLINGTON,<br>　　DEFENDANTS | § § § § § § § § § § | Civil Action 4:11-cv-00711-A |

**PLAINTIFFS' RESPONSE TO DEFENDANT ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Plaintiffs Richard Bowden and Susan Bowden (collectively "BOWDENS") respectfully submit this Response and supporting brief to Defendant Etta Hulme's Motion To Dismiss For Failure To State a Claim Pursuant To Fed. R. Cir. P. 12 (B)(6) ("HULME'S Motion"), and show the following:

## I.
## SUMMARY

Etta Hulme ("HULME"), neighbor of Bowdens since 1996, objected to a retaining wall the Bowdens constructed in 2006. The City of Arlington ("CITY") gave final approval to Bowdens for the completed wall in January 2007. Hulme began a campaign to get Arlington elected and administrative officials to force the Bowdens to tear down and replace the wall. The City repeatedly told Hulme it did not have the authority to do so. Hulme's efforts eventually resulted in the City

citing the Bowdens in July 2009. Municipal Judge Michael Smith tried the case on October 1, 2009. The Arlington Municipal Court signed a Proposed Order against the City on October 8, 2009, referring to the City's actions as "unconscionable."

## II.
## FACTS

A. Hulme was the protagonist to force the City to use its enforcement powers to tear down and remove a retaining wall of the Bowdens which the City had approved in January 2007. Pls.' Compl. ¶¶ 8, 9, 11, 12. City officials repeatedly rebuffed Hulme's interference in the City's administrative processes and informed her that her objections to the wall were a civil matter between the Bowdens and her. Pls.' Compl. ¶¶ 12, 13; Attachment 1, ECF Document No. 1-1. The lengthy, detailed letter that Deputy City Manager Trey Yelverton sent to Hulme makes it clear that the City had no basis to take the action Hulme was demanding. Pls.' Compl., Attachment 1. Hulme's efforts continued, including her demand to replace Ed Dryden, a City official who resisted her bullying. Pls.' Compl. ¶¶ 14, 15, 20.

B. Defendant Kathryn Wilemon, a City council member, "strong-armed" City staff to take action against the Bowdens on behalf of Hulme. At a May 20, 2008 City Council work session, Wilemon admitted during a discussion of the wall that "I don't even know what I'm talking about." Despite her abject ignorance, she insisted that the "wall has to come down." Pls.' Compl. ¶17.

C. The City relentlessly pursued action against the Bowdens and eventually enacted a new ordinance that regulated a retaining wall attached to a building, but not a free-standing wall. Pls.' Compl. ¶¶ 18, 19, 23-30; ECF Document 1-2, Attachment 2. The City cited the Bowdens with

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 2

a Notice of Hearing on September 21, 2009. Pls.' Compl. ¶¶ 22, 23; Attachment 2, ECF Document No. 1-1. This Notice of Hearing was based on a falsified version of Article XVI of the Construction Chapter of the City of Arlington Municipal Code, and the amendments of May 5, 2009 (Ordinance no. 09-024). Pls.' Compl. ¶¶ 28, 29. The City singled out the Bowdens for disparate treatment as a "class of one" by falsifying critical wording of the ordinance by which the City cited the Bowdens in the Notice of Hearing. Compl. ¶¶ 23-30, ECF Documents 1-1, 1-2, 1-3. The City's treatment of the Bowdens as a "class of one" is also evidenced by the admission of Arlington officials during the May 20, 2008 work session that it had no basis to prosecute the Bowdens. Pls.' Compl. ¶¶ 16, 17.

D.   The Arlington Municipal Court heard the matter on October 1, 2009, found the City's action to be "unconscionable, and ruled against the City. Compl. ¶¶ 31-33; Attachment 4, ECF Document No. 1-4.

### III.
### STANDARD OF REVIEW

Hulme seeks dismissal of Plaintiffs' causes of action under FRCP Rule 12(b)(6). The U.S. Supreme Court in *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974), stated that in "passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or of failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."

A Rule 12(b)(6) motion is disfavored, and it is rarely granted. *Clark v. Amoco Prod Co.*, 794 F.2d 967, 970 (5th Cir.1986); *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). Even if it appears an almost certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. *Clark*, 794 F.2d at 970;

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 3

*Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir.1984). "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark*, 794 F.2d at 970; see also *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir.1988); *United States v. Uvalde Consol. Indep. Sch. Dist.*, 625 F.2d 547, 549 (5th Cir.1980), *cert. denied*, 451 U.S. 1002, 101 S.Ct. 2341, 68 L.Ed.2d 858 (1981). Dismissal is appropriate only when the court accepts as true all well-pled allegations of fact and, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas v. Smith*, 897 F.2d 154, 156 (5th Cir.1989) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160 (1993). Further, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Although a plaintiff's factual allegations need not establish that the defendant is probably liable,

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 4

they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 1950.

## IV.
## PLAINTIFFS' CAUSES OF ACTION AND ARGUMENTS

### A. Plaintiffs Have Provided Defendant Hulme With Fair Notice of Their Claims

Hulme asserts that Plaintiffs' Complaint does not provide Hulme with fair notice of their claims and does not state factual allegations. Hulme's Memorandum of Law, paragraphs 6-8. To the contrary, Plaintiffs have outlined in detail the acts of Hulme to which they object. Pls.' Compl. ¶¶ 8-31; Attachment 1, ECF Document No. 1-1.

Hulme cites *Brooks v. Ross,* 578 F.3d 574, 581-82 (7th Cir. 2009), in support of her claims. In fact, *Brooks*, in interpreting and applying *Ashcroft v. Iqbal*, provides support that Plaintiffs' Complaint meets the notice pleading requirements of FED. R. C.I.V. P. 8. Rule 8 reflects a "liberal notice pleading regime." *Brooks*, at 580. "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007).

### B. Statute of Limitations Do Not Bar Plaintiffs' Claims Against Hulme

Hulme asserts Plaintiffs' claims against her are barred by the October 1, 2009 trial before the Arlington Municipal Court. Hulme's motion, page 2. Defendant Hulme asserts that the statute of limitations for Plaintiffs' claims is two years. Tex. Civ. Proc. and Rem. Code § 16.003. Hulme's Memorandum of Law, page 3, paragraph 6. Plaintiffs agree, but that is not the end of the analysis.

Plaintiffs assert that their claims against Wilemon and the City (and against Hulme as well)

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 5

were only triggered by the Proposed Order of Judge Michael Smith on October 8, 2009. Compl. ¶¶ 31-33, and ECF Document 1-4, attachment 4. Plaintiffs filed this suit on October 7, 2011. Plaintiffs also assert the application of the "continuing violation theory", which "relieves a plaintiff of establishing that all of the complained of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Messer v. Meno*, 130 F.3d 130, 134, 135 (5th Cir. (Tex.) 1997.

> The Fifth Circuit stated:
>
> The core idea [of the continuing violations theory,] however, is that [e]quitable considerations may very well require that the filing period not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights. At the same time, the mere perpetuation of the effects of time-barred discrimination does not constitute a violation of Title VII in the absence of independent actionable conduct occurring within the statutory period.
>
> ... Thus, a plaintiff can avoid a limitations bar for an event that fails to fall within the statutory period where this is "[a] persisting and continuing system of discriminatory practices in promotion or transfer [that] produces effects that may not manifest themselves as individually discriminatory except in cumulation over a period of time".

*Messer*, at 135.

*Brooks* also considered the issue of statute of limitations in the context of a federal §1983 conspiracy claim. *Brooks*, 578 F.3d at 579. *Brooks'* claims included malicious prosecution, civil conspiracy, and intentional infliction of emotional distress. *Brooks*, at 578. The Bowdens assert that Hulme's actions, in concert with the City, resulted in a malicious prosecution of the Bowdens that was only terminated when Municipal Judge Smith ruled in the Bowdens' favor on October 8, 2009. Pls.' Compl., Attachment 4, ECF Document 1-4. Accordingly, the claims of the Bowdens

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 6

against Wilemon, the City, and Hulme did not accrue until October 8, 2009. As stated in *Brooks*, 578 F. 3d at 579, "claims resembling malicious prosecution do not accrue until the prosecution has terminated in the plaintiff's favor."

This is the same requirement in Texas law under V.T.C.A., Civil Practice & Remedies Code §16.003. "A cause of action for malicious prosecution accrues from the time the underlying prosecution or civil suit ends." *Toranto v. Wall,* 891 S.W. 2d 3, 6 (Tex. App-Texarkana 1994).

### C. Hulme Not Entitled To Protection Of *Noerr - Pennington* Immunity Doctrine

Hulme invokes the protection of the *Noerr - Pennington* immunity doctrine. That is, she claims that she is asserting her First Amendment right to "petition the Government for a redress of grievances." *Eastern Railroad President's Conference v. Noerr Motor Freight, Inc.* 365 U.S. 127, 81 S.Ct. 523 (1961).

The U.S. Supreme Court extended the *Noerr - Pennington* principles in statutory contexts beyond the original antitrust setting of *Noerr - Pennington*. In *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S. Ct. 609, 612 (1972), Justice Douglas, writing for the majority stated that the "right to petition extends to all departments of the Government . . . ". *Noerr - Pennington* immunity is not absolute, however. Such immunity did not extend to "other forms of illegal and reprehensible practice which may corrupt the administrative or judicial processes . . ." *California Motor Transport Co.* at 513, 92 S.Ct. at 613.

A "sham" exception to the *Noerr - Pennington* doctrine developed in the antitrust setting. In *City of Columbia v. Omni Outdoor Advertising, Inc.,* 499 U.S. 365, 380, 111 S.Ct. 1344, 1354 (1991), the Court explained:

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 7

> The "sham" exception to *Noerr* encompasses situations in which persons use the governmental *process-as* opposed to the *outcome* of that process-as an anticompetitive weapon.... A "sham" situation involves a defendant whose activities are "not genuinely aimed at procuring favor-able government action" at all, *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 500, n. 4, 108 S.Ct. 1931, 1937, n. 4, ... (1988), not one "who 'genuinely seeks to achieve his governmental result, but does so *through improper means*,' " id., at 508, n. 10, 108 S.Ct., at 1941, n. 10.

Hulme was repeatedly told that she had no basis to expect favorable City action on her behalf. Pls.' Compl. ¶¶ 11, 12, 13; ECF Document 1-1, Attachment 1. Plaintiffs contend that Hulme's subsequent continued attempts constituted "improper means" that negate her protection under the *Noerr - Pennington* doctrine.

Whether something is a genuine effort to influence governmental action or a mere sham under the *Noerr - Pennington* doctrine is a question of fact for the jury. *Affiliated Capital Corporation v. City of Houston*, 755 F.2d 1555, 1567 (5th Cir., 1984). A District of Columbia District Court recently stated the type of defendant's activity which is an exception to immunity and constitutes a sham as " 'threats, intimidation, and other coercive measures,' primarily to 'harass or discriminate against the Plaintiff.'" *Jones v. Louisiana State Bar Association*, 738 F. Supp. 2d 74, 80 (D.D.C. 2010). The complained-of activity in *Jones* involved petitioning, not litigation.

There are limits to the application of the *Noerr-Pennington* doctrine to petitioning activities. For example, the *Noerr-Pennington* doctrine did not bar a claim of tortious interference with prospective business advantage when the defendants had made deliberately false allegations to state security officials. *Whelan v. Abel*, 48 F.3d 1247, 1253, 1254 (C.A.D.C., 1995). Appearances that a union made before a city council were not immune where the intent of the union was primarily to vex the employer. *Smithfield Foods, Inc. v. United Food and Commercial Workers Int'l Union*, 593

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 8

F.Supp. 2d 840, 844 (E.D. Va. 2008).

The actions of Hulme constitute a "sham" and cannot be characterized as her merely petitioning the City of Arlington for a redress of grievances. Instead, her conduct clearly constituted "threats" and "intimidation" of City officials such as Ed Dryden who stood in her way. Pls.' Compl. ¶¶ 11, 15. An assistant city attorney told Hulme that the dispute she had with the Bowdens was a civil matter between her and the Bowdens. Pls.' Compl. ¶12. Trey Yelverton, deputy city manager, explained to Hulme in painstaking detail that the City could take no action because it did not have the legal authority to do what she was trying to force it to do. Pls.' Compl. ¶¶ 13, 14; ECF Document 1-1, Attachment 1. Hulme pursued her harassing conduct after she had been repeatedly told that the city government did not have the legal authority to give her the outcome she insisted upon. Clearly, her conduct involved the "improper means" proscribed by the Supreme Court in *City of Columbia v. Omni Outdoor Advertising, Inc.* 499, U.S. 365, 380, 111 S.Ct. 1344, 1354 (1991).

Hulme's conduct continued even after she knew she was seeking an illegal objective under municipal law. Pls.' Compl. ¶¶ 10-16; ECF Document 1-1, Attachment 1. She has no right to claim protection under the First Amendment. *United States v. Wagner*, 940 F. Suppl. 972, 981 (N.D. Tex. 1996).

Finally, even if Hulme were ultimately to be found immune from liability, she is not immune from being sued. The *Noerr-Pennington* doctrine, protecting the right of petition, does not provide an immunity from suit, but rather only a defense against liability. *We, Inc. v. City of Philadelphia*, 174 F.3d 322, 327, 328 (3rd Cir. (Pa.) 1999).

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 9

D. **Plaintiffs Adequately State Cause of Action Against Hulme Under 42 U.S. C. §§ 1983 and 1985 along with City of Arlington and Wilemon**

Plaintiffs assert causes of action against defendants City of Arlington and Wilemon for violation of the Bowdens' due process and equal protection rights under the XIV Amendment and 42 U.S.C. §1983. Pls.' Compl "Count One", ¶¶ 39-43. Plaintiffs rely on *Esmail v. Macrane*, 53 F. 3d 176 (7th Cir. (Ill.)1995); *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073 (2000); *Williams v. Kaufman County*, 352 F.3d 994, (5th Cir. (Tex.) 2003); *Thomas v. City of West Haven*, 249 Conn. 385, 734 A.2d 535, 544, 545 (Conn.,1999); *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183 (1980); and *Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 1827 (1992).

In *Esmail v. Macrane*, 53 F. 3d 176 (7th Cir. (Ill.)1995), a liquor dealer in Naperville, Illinois, brought suit under 42 U.S.C. §1983 complaining that the mayor was persecuting him in violation of Esmail's right to equal protection of the laws. *Esmail*, at 177. Esmail, in alleging that the City had unlawfully revoked his liquor license, was complaining that the mayor forced him to incur $75,000 in legal expenses to get his license applications granted by court action. *Esmail*, at 177, 178.

Judge Posner described this case as one in which "a powerful public official picked on a person out of sheer vindictiveness" and "what standing such a charge has in the law of equal protection." *Esmail*, at p. 178. The distinctive feature was that Esmail's "unequal treatment is alleged to have been the result solely of a vindictive campaign by the mayor." *Esmail*, at p. 179. Judge Posner alluded to the Supreme Court ruling in *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. at 432, 446-47, 105 S.Ct at 3249, 3257-58 (1985) and stated: "If the power of

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 10

government is brought to bear on a harmless individual merely because a powerful state or local official harbors a malignant animosity toward him the individual ought to have a remedy in federal court." *Esmail*, at p. 179. Judge Posner broadly stated that the equal protection clause "has long been understood to provide a kind of last-ditch protection against governmental action wholly impossible to relate to legitimate governmental objectives." *Esmail*, at 180. He noted that the equal protection clause "does not require proof of deprivation of live, liberty, or property." What equal protection did require was that Esmail had to prove that "action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective." *Esmail*, at 180. Also, *Bryan v. City of Madison, Mississippi*, 213 F.3d 267 (5th Cir. (Miss.) 2000).

Hulme was integrally involved with the City's and Wilemon's denial of the Bowden's rights. She is appropriately a joint defendant.

The U.S. Supreme Court has stated that private persons, jointly engaged with state officials in violating the civil rights of individuals, are acting "under color" of law for purposes of §1983 actions. *Dennis v. Sparks*, 449 U.S. 24, 27, 28, 101 S. Ct. 183, 184, 185 (1980). In *Dennis*, a Duval County district judge had enjoined the production of minerals from oil leases owned by a ranch company. The ranch company alleged that defendant Clinton Manges had entered into a conspiracy with the district judge. The U.S. Supreme Court ruled that "private parties conspiring with the judge were acting under color of state law" and would be liable for damages even if the judge himself were immune from damages liability. *Dennis*, 449 U.S. at 28, 29.

Ms. Wilemon is not entitled to even qualified immunity. Even if Wilemon were so entitled

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 11

under the facts of this case, Hulme would not be entitled. Wilemon expressed the "improper motive" of urging City staff to pursue action against the Bowdens to force the tearing down of the wall when she admitted she did not know what she was talking about and when she knew the City had no legal basis to act against the Bowdens. Pls.' Compl. ¶17. Not only did Judge Smith conclude that the evidence the City presented fell "far short" of proving the wall defective, he characterized the city's intended enforcement action as "unconscionable."

Hulme claims immunity, in part, based on the claim that Wilemon's actions were the result of the exercise by Wilemon of legislative powers and entitled to absolute immunity under 42 U.S.C. § 1983. Hulme's memorandum of Law, pages 4 and 5, paragraph 8. Wilemon advocated action against the Bowdens while confessing she did not know what she was talking about and after Trey Yelverton had advised her that the City could not demolish the wall. Compl.¶ 17. Plaintiffs assert that Wilemon's actions were not an integral step of any legislative process, as required by *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 55, 118 S. Ct. 966, 973 (1998). Also, *Dennis v. Sparks*, 449 U.S. 24, 101 S. Ct. 183 (1980) and *Keko v. Hingle*, 318 F.3d 639, 642 (5th Cir. (La.) 2003).

The U.S. Supreme Court considered whether private defendants threatened with 42 U.S.C. § 1983 liability were, like certain government officials, entitled to qualified immunity from suit. *Wyatt v. Cole*, 504 U.S. 158, 112 S. Ct. 1827 (1992). The Supreme Court's inquiry included determining whether there was an immunity of common law that Congress intended to incorporate in the Civil Rights Act of 1871, §1, that is codified at 42 U.S.C. §1983. *Wyatt*, 504 U.S. at 164. the Court particularly noted the common law torts that provided causes of action against private defendants for unjustified harm arising out of the misuse of governmental processes, namely

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 12

malicious prosecution and abuse of process. *Wyatt*, 504 U.S. at 164. The Court ruled that private persons who conspire with state officials to violate constitutional rights, do not have available immunity from §1983 liability. *Wyatt*, 504 U.S. at 168-9.

The manner in which the City willingly acted as the tool of Hulme and persecuted the Bowdens, its 180 degree reversal in its legal position between Yelverton's 2007 letter to Hulme and the July 17, 2009 citation, and the falsification of the wording of the key ordinance wielded against the Bowdens, has demonstrated that both elected officials and high level administrators **individually** and in their representative capacities, have conducted "an orchestrated campaign of official harassment" directed against the Bowdens out of "sheer malice." *Thomas v. City of West Haven*, 249 Conn. 385, 401; 734 A.2d 535, 544, 545 (Conn., Jun 29, 1999). Hulme now claims the she was "not in a position of authority capable of denying Plaintiffs' constitutional statutory and common law rights." Hulme's motion, page 1, paragraph 1. The facts overwhelmingly lead to the opposite conclusion. Hulme's conduct set the "wheels of government in motion." *Wyatt v. Cole*, 504 U.S. 158, 164,165, 112 S. Ct. 1827, 1831 (1992).

## V.
## CONCLUSION

Plaintiffs request this Court to dismiss Defendant Etta Hulme's Motion to Dismiss for Failure to State a Claim Pursuant to FED. R. CIV. P. 12(b)(6).

Respectfully submitted,

_____
James D. Runzheimer
Attorney At Law
State Bar No. 17398200

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 13

2405 Garden Park Court, Suite A
Arlington, Texas 76013
Telephone: (817) 795-2020
Facsimile: (817) 795-2063
E-mail: runz-law@swbell.net
ATTORNEY FOR PLAINTIFFS
RICK BOWDEN AND
SUSAN BOWDEN

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of November 2011 a true and correct copy of the above and foregoing instrument was this date sent to Kern A. Lewis, Hutchison, Lewis & Dauphinot, P.C., 611 S. Main, Westwood Centre, Ste. 700, Grapevine, Texas 76051 by facsimile to 817-336-9005 and by regular mail and to Denise Wilkerson, Assistant City Attorney, City of Arlington City Attorney's Office Mail Stop #63-0300, P.O. Box 90231, Arlington, Texas 76004-3231 by facsimile to (817) 459-6897 and by regular mail.

/s/ James D. Runzheimer
James D. Runzheimer

PLAINTIFFS' RESPONSE TO ETTA HULME'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Page 14