U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 9 2012

CLERK, U.S. DISTRICT COURT
by_____
               Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHARD B. BOWDEN, ET AL.,      §
                                §
          Plaintiffs,           §
                                §
VS.                             §      NO. 4:11-CV-711-A
                                §
KATHRYN WILEMON, ET AL.,        §
                                §
          Defendants.           §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and ruling are two
motions to dismiss, the first by defendants City of Arlington
("City") and Kathryn Wilemon ("Wilemon") seeking dismissal for
lack of subject matter jurisdiction and for failure to state a
claim upon which relief can be granted, and the other by
defendant Etta Hulme ("Hulme") seeking dismissal for failure to
state a claim upon which relief can be granted.  After having
considered such motions, the responses of plaintiffs, Richard B.
Bowden and Susan Bowden (the "Bowdens"), the allegations of the
complaint, and pertinent legal authorities, the court has
concluded that all federal claims and causes of action asserted
by the Bowdens should be dismissed with prejudice for failure to
state a claim, and that all state-law claims asserted by the

Bowdens should be dismissed without prejudice pursuant to the
authority of 28 U.S.C. § 1367(c)(3).[1]

## I.

### The Factual Allegations of, and Relief Sought by, the Complaint

The Bowdens alleged factually in their complaint that:

Wilemon is a member of the city council of City.  Hulme is a
homeowner in City, whose home is adjacent to the home in City of
the Bowdens.  The Bowdens constructed a retaining wall, replacing
an earlier-failed wall, on the edge of their property on the side
facing Hulme's property.  The Bowdens obtained the necessary
permit from City for construction of the wall, and after the wall
was completed, City, upon inspection of the wall, approved the
construction as being in compliance with City requirements.

Hulme was displeased with the wall both during its
construction and after it was completed, and expressed her
displeasure to City during and after completion of the
construction.  City's initial response was to inform Hulme of
City's policy for permitted approval of engineered retaining
walls, and then City informed Hulme that her dissatisfaction with

---

[1]In a telephone conference conducted on February 8, 2012, with each party represented by
counsel on the line, the court indicated that the court tentatively had decided to rule on the merits of
state-law claims as well as the federal-law claims asserted by the Bowdens. Upon further review of the
matter, the court has concluded that the wiser course would be for the court to decline to exercise
jurisdiction over the state-law claims once the federal claims have been dismissed.

the wall was a civil matter between her and the Bowdens.   In
response to concerns expressed by Hulme after the wall was
completed, a representative of City, Trey Yelverton
("Yelverton"), informed Hulme that, after having made appropriate
inquiry and investigation, the conclusion had been reached that
City was not in a position to take action to address her
concerns.   City's response, through Yelverton, did not satisfy
Hulme.

In July 2007, Ed Dryden ("Dryden") of City informed Mr.
Bowden, through his attorney, that he should have the wall
evaluated by an engineer of Mr. Bowden's choice, and that "the
validity of the engineer's design for the wall and the building
permit that had been issued in 2006 would be deferred to the
[City's] Building Code Board of Appeals at a hearing on
November 1, 2007." Compl. at 6, ¶ 14.   That hearing was held,
and a second hearing was held before the same Board on April 25,
2008.   Hulme complained to City that Dryden, who was the City
official most directly involved in the retaining-wall matter,
should not make the decision as to whether the Bowdens should be
required to replace the newly constructed wall.

On May 20, 2008, the city council, at a work session, with
the mayor presiding and the city manager present, discussed
Hulme's complaints about the retaining wall.   Yelverton and the

3

city attorney advised the council members that City could not
demolish the wall and that Hulme and her neighbors, the Bowdens,
would have to resolve their differences.  Wilemon insisted that
the wall must come down, although she admitted at one point that
she did not know what she was talking about.  City personnel made
further inquiry concerning their authority to take any action in
reference to the dispute between Hulme and the Bowdens, and
sought and obtained from an independent engineering firm expert
advice relative to the structural integrity and safety of the
retaining wall.  A copy of the engineering study done by that
expert was sent to Mr. Bowden in March 2009.

In September 2009, City issued a notice (which amended a
notice that had been given in July 2009) that on October 1, 2009,
a hearing was to be held before the Municipal Court, referred to
as the "Hearing Authority," at City's Municipal Court Building
for the purpose of making "a determination as to whether a
structure located [on the Bowdens' premises was] likely to
endanger person or property in violation of law in accordance
with, without limitation, Chapter 214 of the Texas Local
Government Code, the Construction Chapter of the City Code of the
City of Arlington, Texas, or other relevant law."  Compl.,
Attach. 3 at 1.  The Notice of Hearing explained that "[i]f the
Hearing Authority finds that a structure is likely to endanger

4

persons or property, then the Hearing Authority may issue an
order requiring the structure or structures on the property to be
repaired or assess civil penalties within a time period to be set
by the Hearing Authority" and that "[i]f the owner fails to
comply and no other interest holder completes corrective action,
then the City may impose a lien on the property." Id.  The
description in the Notice of Hearing contained
mischaracterizations of parts of City's construction ordinance by
substituting the words "retaining wall" for the word "building"
three times.

The hearing was held as scheduled on October 1, 2009.  The
focus of the hearing, which lasted all day, was the expert
testimony of licensed structural engineers retained by the
parties, Renate Woods for City and Don Illingworth for the
Bowdens.  Municipal Court Judge Michael A. Smith presided.

On October 8, 2009, Judge Smith signed what he referred to
as a "Proposed Order."  Compl., Attach. 4 at 1, 10.  He started
out by noting that the hearing was conducted "pursuant to the
Construction Chapter of the Code of Ordinances of the City of
Arlington, Texas, the Texas Local Government Code Chapter 214,
and other relevant law to determine whether the retaining wall
structure . . . located at [the Bowdens' property] is likely to

endanger persons or property in its present condition and

constitutes a dangerous building or structure." Id. at 1.

In his Proposed Order, Judge Smith reviewed in some detail

the testimony of the experts, as well as testimony of a witness

presented by City as to the estimated cost of demolishing the

present wall and building a new wall in its place.  After making

his findings, Judge Smith concluded the Proposed Order with a

declaration that "the Structure is not a dangerous building or

structure."  Id. at 10.  That declaration was preceded by a

conclusionary section, worded in its entirety as follows:

> This Court's observations and decision should not
> in any way be seen as an endorsement of the wall in
> question.  If the wall is in fact defective, the
> evidence that has been produced falls far short of
> proving it.  The evidence in favor of condemning the
> wall as a dangerous structure is rendered unreliable by
> the errors outlined above.  This Court finds that it
> would be unconscionable to use this evidence as the
> basis for subjecting the Owner to the kind of financial
> burden ($50,000.00 by the estimate of the City's
> witness) involved in demolishing the wall and replacing
> it.

Id.

Judge Smith submitted his Proposed Order to the city

council, but the city council has failed to comply with an

ordinance of City that authorized the city council by City

Council Resolution to adopt, in whole or in part, the Hearing

Authority's order as its finding and order, or to amend, modify,

or reject the Hearing Authority's order.[2]  City has not adopted

the Proposed Order in whole or in part, nor has City amended,

modified, or rejected it.  City never removed the Bowdens'

property from the list of properties with dangerous and

substandard structures.  The only action City has taken is that

through a representative it executed on October 16, 2009, a

release of Notice of Hearing, which was filed on October 20,

2009, with the Tarrant County Clerk.  The mayor and city council

of City have refused to adopt Judge Smith's Proposed Order.  Even

though the wall has, as of the date of the filing of the

complaint, been subjected to the stress of extreme weather

conditions, the wall has shown no sign of movement.

                    *    *    *    *    *

     The foregoing summarization of the factual allegations of

the complaint fairly present the facts upon which plaintiffs base

the seven counts for relief they put in their complaint.  The

counts, as stated in the complaint, are as follows:

<u>COUNT ONE - FEDERAL CLAIM FOR RELIEF</u>
<u>AMENDMENT XIV, U.S. CONSTITUTION, DUE PROCESS AND EQUAL</u>
<u>PROTECTION UNDER 42 U.S.C.A. § 1983</u>

---

     [2]The ordinance to which the Bowdens refer says that "[a] copy of the City Council Resolution
shall be sent promptly by the Administrator by certified mail, return receipt requested, to the owner of the
structure, owner of the property on which the structure is located, mortgagee, and lienholder." Compl.,
Attach. 2 at COA_E0036.

. . . .

**COUNT TWO - FEDERAL CLAIM FOR RELIEF**
**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS - 42 U.S.C. § 1985**

. . . .

**COUNT THREE - STATE CAUSE OF ACTION**
**VIOLATION OF BOWDENS' RIGHTS UNDER TEXAS CONSTITUTION AND DUE COURSE OF LAW**

. . . .

**COUNT FOUR - STATE CAUSE OF ACTION**
**CLOUDING TITLE ON BOWDEN PROPERTY AND VIOLATION OF V.T.C.A., CIVIL PRACTICE & REMEDIES CODE §12.001 AND FOLLOWING**

. . . .

**COUNT FIVE - STATE CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

. . . .

**COUNT SIX - STATE CAUSE OF ACTION**
**PETITION FOR DECLARATORY JUDGMENT**

. . . .

**COUNT SEVEN - FEDERAL CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT AND INJUNCTION**

Compl. at 14, 16-21.

The Bowdens seek compensatory damages against all defendants under all state and federal causes of action; declaratory judgment and permanent injunction as to City; relief and damages against all defendants under sections 12.002 and 12.003 of the Texas Civil Practice and Remedies Code; punitive damages to punish all defendants for their constitutional and other

8

violations alleged in the complaint and to deter other
individuals and government entities from such violations in the
future; an award of costs, expenses, and reasonable attorney's
fees pursuant to 42 U.S.C. § 1988 and other federal and state
law; and, prejudgment interest.

II.

## Applicable Standards

The court has concluded that it need not rule on the motion
of City and Wilemon seeking dismissal for lack of subject matter
jurisdiction, and that the appropriate course is to base the
court's rulings as to the Bowdens' federal-law claims on the
motions to dismiss for failure to state a claim upon which relief
can be granted.  The court is taking this approach because of the
rule adopted by the Fifth Circuit that "where the factual and
jurisdictional issues are completely intermeshed the
jurisdictional issue should be referred to the merits, for it is
impossible to decide the one without the other."  McBeath v.
Inter-Am. Citizens for Decency Comm., 374 F.2d 359, 363 (5th Cir.
1967).  See also, Continental Cas. Co. v. Dep't of Highways,
State of La., 379 F.2d 673, 675 (5th Cir. 1967).  Thus, the court
is guided in its rulings on all defense motions by the standards
that govern the evaluation and ruling of the court on a motion to
dismiss for failure to state a claim.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with

10

unlawful conduct are insufficient. <u>Id.</u> at 1249 (citing <u>Twombly</u>, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950.

III.

<u>Analysis</u>

A.   <u>Federal-Law Claims</u>

The Bowdens characterize the claims they assert in Counts One, Two, and Seven as federal claims for relief. The court has concluded that the facts alleged in the complaint, even if accepted as true, would not support a conclusion that any defendant has engaged in any conduct that would give rise to a cause of action under 42 U.S.C. §§ 1983 or 1985 or that would support the grant of any declaratory or injunctive relief under federal law.

The Bowdens' allegations of federal-law claims against City failed to satisfy the plausibility standards of <u>Twombly</u> and <u>Iqbal</u>. When the conclusory allegations, and those that are pure characterizations, in the complaint are weeded out, the factual allegations that remain suggest no more than that City was doing its best to accommodate the conflicting views and interests of its quarreling citizens, finally by arranging for a hearing that

11

provided due process to the Bowdens and a forum for the positions
of both neighbors to be heard and considered.

As to Count One, no facts are alleged that would support a
reasonable inference that City denied the Bowdens the due process
or equal protection to which they are entitled under the United
States Constitution.  They were given due notice of the
October 1, 2009 hearing, and they were afforded the opportunity
at the hearing to offer evidence and present argument, through
legal counsel, in support of their position in respect to the
integrity of their retaining wall.  The Bowdens can have no
complaint with the hearing officer's conclusions or the
declaration of the hearing officer that the retaining wall is not
a dangerous building or structure.

The court notes that for an equal protection claim there
must be a factual allegation that others similarly situated were
treated differently.  Vill. of Willowbrook v. Olech, 528 U.S. 562
(2000) (per curiam).  See also Purze v. Vill. of Winthrop Harbor,
286 F.3d 452, 455 (7th Cir. 2002) (holding that in order to be
considered "similarly situated," comparators must be "prima facie
identical in all relevant respects.").  A mere error in judgment
will not support a claim of equal protection discrimination.  See
Sunday Lake Iron Co. v. Twp. of Wakefield, 247 U.S. 350, 353
(1918).  The good faith of government officials is presumed, and

12

the burden of proof of establishing lack of good faith is upon
the complaining party.  Id.  There are no allegations in the
complaint from which the court could reasonably conclude that
City was not acting in good faith in respect to all of the events
described in the complaint.  As to the alleged violations of due
process, the court notes that procedural due process requires a
notice and opportunity to be heard.  See Cleveland Bd. of Educ.
v. Loudermill, 470 U.S. 532, 546 (1985).  The Bowdens were
afforded due process by City--they received notice of a hearing
affecting their rights as to the retaining wall, and they
participated in the hearing.  There is no allegation that the
notice was not sufficient from a due process standpoint[3] or that
their opportunity to be heard was not adequate.

Therefore, the complaint does not state a claim for relief
under 42 U.S.C. § 1983 against City that is plausible on its
face.  The Bowdens have failed to plead factual content that
would allow the court to draw the reasonable inference that City
has committed constitutional violations against the Bowdens.
Thus, the Count One allegations must be dismissed as to City.

---

[3] To whatever extent the Bowdens might be relying on the allegations they make in paragraphs
51 and 52 of their complaint, Compl. at 18, ¶¶ 51 and 52, in support of a contention that they did not
receive fair notice of the October 1, 2009 hearing, such a contention would border on frivolousness.
Even if the City officials did misquote a part of one of its ordinances and failed to adequately explain the
ordinance, when the allegations of the complaint and its attachments are considered in their entirety,
there is no room for a plausible contention that the Bowdens were misled as to the nature of the
controversy or the matter to be heard.

For basically the same reasons, the Count Two claims must be dismissed as to City.  No reasonable inference can be drawn from the factual, as opposed to conclusory, allegations of the complaint that City engaged in any conduct that would cause it to be liable to plaintiffs under the authority of 42 U.S.C. § 1985.

Count Seven requests declaratory relief against City and, in a general way, a permanent injunction, referring back to the allegations in Count Six pertaining to City's inaction in reference to Judge Smith's Proposed Order.  No facts are alleged in the complaint that would justify any relief under Count Seven under federal law.

Apparently Wilemon, individually and in her official capacity as a member of the city council, is the target of each of the Bowdens' federal claims in one or both of those capacities.  The court is not giving any effect to the claims against Wilemon in her official capacity inasmuch as the official-capacity claims are to be treated as claims against City.  See Ky. v. Graham, 473 U.S. 159, 166 (1985).

The pleadings are so facially inadequate as to the Bowdens' federal claims against Wilemon that the court is not required to

devote significant time or attention to a discussion of those claims. The only specific facts alleged as to the conduct of Wilemon is that, in her capacity as a city councilwoman, she said at a meeting of the city council that "I don't even know what I'm talking about," and "continued to insist that the 'existing wall has to come down.'" Compl. at 7, ¶ 17. The conclusion, according to the allegations of the complaint, the Bowdens reached from that conduct was that "Wilemon's ignorant, unfounded, and presumptuous comment indicated a bias in favor of Hulme and against the Bowdens, since it was without basis in fact or law." Id.

All other mentions of Wilemon in the complaint are in the form of purely conclusory allegations and characterizations. Id. at 2-3, ¶¶ 3-5; 4, ¶ 10; 7, ¶ 18; 15-17, ¶¶ 43, 45-47, 49; 19, ¶ 54; 21, ¶ 63. The complaint does not plead enough facts concerning Wilemon "to state a claim to relief that is plausible on its face." See Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The complaint does not plead "factual content that allows the court to draw the reasonable inference that [Wilemon] is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. The "factual allegations [against Wilemon are not] enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The court is not aware of any

authority that would support a federal claim against Wilemon
based on a stray comment about her of lack of knowledge as to
what she was talking about.

Nor would the facts alleged by the Bowdens support a theory
of recovery under federal law against Hulme.  No facts are
alleged that would lead to the conclusion that she was a state
actor, engaging in state action, or that she engaged in any kind
of conduct that would cause her to be liable to the Bowdens under
either 42 U.S.C. § 1983 or § 1985.

B.   The State-Law Claims

The court has jurisdiction over the Bowdens' state-law
claims by virtue of the provisions of 28 U.S.C. § 1367(a).
Section 1367(c)(3) provides that "[t]he district courts may
decline to exercise supplemental jurisdiction over a claim under
subsection (a) if . . . the district court has dismissed all
claims over which it has original jurisdiction."  Inasmuch as the
court has concluded to dismiss all the federal-law claims that
originally provided this court's jurisdiction, the court has
concluded to exercise its discretion to no longer recognize
supplemental jurisdiction over the state-law claims.

IV.

Order

For the reasons stated above,

The court ORDERS that:

(1)   the motions to dismiss of all defendants for failure to state a claim upon which relief may be granted be, and are hereby, granted as to all claims and causes of action of the Bowdens arising under the Constitution, or any law, of the United States, including all claims and causes of action asserted on the basis of sections 1983, 1985, or 1988 of Title 42 of the United States Code;

(2)   all claims and causes of action asserted by the Bowdens against City, Wilemon, or Hulme arising under the Constitution, or any law, of the United States, including all claims and causes of action asserted on the basis of sections 1983, 1985, or 1988 of Title 42 of the United States Code, be, and are hereby, dismissed with prejudice; and

(3)   all claims and causes of action asserted by the Bowdens against City, Wilemon, or Hulme under the constitution, or any law, of the State of Texas be, and are hereby, dismissed without

prejudice by reason of the exercise by the court of the

discretion it has under 28 U.S.C. § 1367(c)(3).

SIGNED February ___9___, 2012.

JOHN McBRYDE
United States District Judge